IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VICTORIA COOPER, *et al.* | Case No. 1:16-cv-01513-DAP |
| Plaintiffs | |
| *v.* | Judge Dan Aaron Polster |
| WINKING LIZARD, INC., *et al.* | |
| Defendants | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Tyrone Kenner, Christopher Sanford, Tayler Downs, and Victoria Cooper ("Plaintiffs"), on of behalf themselves and all other persons similarly situated who are current or former servers and bartenders of Defendants ("Collective Members") and by and through the undersigned attorney(s), sue the Defendants, Winking Lizard, Inc., Winking Lizard of Avon, Inc., Winking Lizard of Bedford Heights, Inc., Winking Lizard of Bethel Rd., Inc., Winking Lizard of Brunswick, Inc., Winking Lizard of Columbus, Inc., Winking Lizard of Copley, Inc., Winking Lizard of Coventry, Inc., Winking Lizard of Gateway, Inc., Winking Lizard of Independence, Inc., Winking Lizard of Lakewood, Inc., Winking Lizard of Macedonia, Inc., Winking Lizard of North Canton, Inc., Winking Lizard of Northwest Columbus, Inc., Winking Lizard of Peninsula, Inc., and Winking Lizard of Westerville, Inc. (collectively, "Defendants") and allege as follows:

## PRELIMINARY STATEMENT

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiffs and other similarly-situated employees all earned minimum wages.

2.      Defendants own and operate over a dozen Winking Lizard restaurants, which are the subject of this lawsuit.

3.      Defendants have a policy or practice of paying certain employees, including servers and bartenders, sub-minimum hourly wages under the tip-credit provisions of the FLSA.

4.      Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (2) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); (3) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek; or (4)  when it prevents employees from retaining all tips they receive, except for a lawful tip pool.  *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time"); *Bernal v. Vankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (defendant not

2

permitted to take the FLSA tip credit when it took plaintiffs' tips to pay for shortages and unpaid tabs).

5.     Defendants violated the FLSA by enforcing a policy or practice of paying servers and bartenders sub-minimum, tip-credit wages even when they required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

6.     Defendants violated the FLSA by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

7.     Defendants violated the FLSA by enforcing a policy or practice of requiring servers and bartenders to reimburse the restaurant from their tips, including for customer walkouts, cash shortages, and point-of-sale mistakes.

## JURISDICTION AND VENUE

8.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs and Collective Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

11.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

12.     Plaintiff Tyrone Kenner is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

13.     Plaintiff Tyrone Kenner primarily worked at the Winking Lizard Gateway location, located at 811 Huron Road, Cleveland, OH 44115.

14.     Plaintiff Tyrone Kenner also worked at the Winking Lizard Bedford location, located at 25380 Miles Road, Bedford, OH 44146, and the Winking Lizard Galleria location, located at 1301 E. 9th Street, Cleveland, OH 44114.

15.     Plaintiff Tyrone Kenner was employed by Defendants as a server from approximately June 1, 2015 through approximately February 29, 2016.

16.     At all material times, Plaintiff Tyrone Kenner was paid by Defendants as a tipped employee under the FLSA.

17.     Defendants employed Plaintiff Tyrone Kenner to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work.

18.     Plaintiff Tyrone Kenner reimbursed Defendants from his tips for cash shortages and a customer walkout, as required by management.

19.     At all material times, Plaintiff Tyrone Kenner was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

20.     Plaintiff Christopher Sanford is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

21.     Plaintiff Christopher Sanford worked at the Winking Lizard Gateway location.

22.     Plaintiff Christopher Sanford was employed by Defendants as a server from approximately May 25, 2013 through approximately July 31, 2014.

4

23.  At all material times, Plaintiff Christopher Sanford was paid by Defendants as a tipped employee under the FLSA.

24.  Defendants employed Plaintiff Christopher Sanford to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work.

25.  Plaintiff Christopher Sanford reimbursed Defendants from his tips for a customer walkout, as required by management.

26.  At all material times, Plaintiff Christopher Sanford was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

27.  Plaintiff Tayler Downs is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

28.  Plaintiff Tayler Downs worked at the Winking Lizard Beachwood Location, located at 25800 Central Parkway, Beachwood, OH 44122, the Winking Lizard Galleria location, the Winking Lizard Bedford location, and the Winking Lizard Macedonia location, located at 511 E. Aurora Road, Macedonia, OH 44056.

29.  Plaintiff Tayler Downs was employed by Defendants as a server from approximately September 1, 2013 through approximately May 31, 2016.

30.  At all material times, Plaintiff Tayler Downs was paid by Defendants as a tipped employee under the FLSA.

31.  Defendants employed Plaintiff Tayler Downs to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work.

32.    Plaintiff Taylor Downs reimbursed Defendants from her tips for a point-of-sale mistake, as required by management.

33.    At all material times, Plaintiff Tayler Downs was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

34.    Plaintiff Victoria Cooper is an individual residing in Summit County, Ohio, and is a former employee of Defendants.

35.    Plaintiff Victoria Cooper worked at the Winking Lizard Peninsula location, located at 1615 Main Street, Peninsula, OH 44264.

36.    Plaintiff Victoria Cooper was employed by Defendants as a server from approximately March 1, 2013 through approximately September 30, 2014.

37.    At all material times, Plaintiff Victoria Cooper was paid by Defendants as a tipped employee under the FLSA.

38.    Defendants employed Plaintiff Victoria Cooper to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work.

39.    Plaintiff Victoria Cooper reimbursed Defendants from her tips for cash shortages and customer walkouts, as required by management.

40.    At all material times, Plaintiff Victoria Cooper was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

41.    Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), true and accurate copies of which are appended hereto as Exhibit A.

42.     At all material times, Defendant Winking Lizard, Inc. was a corporation duly licensed to transact business in the State of Ohio.

43.     Defendant Winking Lizard, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Summit County, Ohio.

44.     Defendant Winking Lizard, Inc. "operates more than 20 restaurants," including the concepts Winking Lizard Tavern and Lizardville Beer Store and Whiskey Bar.[1]

45.     Defendant Winking Lizard, Inc. is owned, in whole or in part, by Fred Kobzowicz.

46.     Defendant Winking Lizard, Inc. is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

47.     At all material times, Defendant Winking Lizard of Avon, Inc. was a corporation duly licensed to transact business in the State of Ohio.

48.     Defendant Winking Lizard of Avon, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Loraine County, Ohio.

49.     Defendant Winking Lizard of Avon, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

50.     Defendant Winking Lizard of Avon, Inc. operates a Winking Lizard Tavern restaurant located at 2125 Center Rd., Avon, OH 44011.

51.     At all material times, Defendant Winking Lizard of Avon, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

52.     At all material times, Defendant Winking Lizard of Bedford Heights, Inc. was a corporation duly licensed to transact business in the State of Ohio.

---

[1]     http://www.winkinglizard.com/join-the-team (last accessed June 13, 2016).

7

53.     Defendant Winking Lizard of Bedford Heights, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

54.     Defendant Winking Lizard of Bedford Heights, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

55.     Defendant Winking Lizard of Bedford Heights, Inc. operates a Winking Lizard Tavern restaurant located at 25380 Miles Road, Bedford, OH 44146.

56.     At all material times, Defendant Winking Lizard of Bedford Heights, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

57.     At all material times, Defendant Winking Lizard of Bethel Rd., Inc. was a corporation duly licensed to transact business in the State of Ohio.

58.     Defendant Winking Lizard of Bethel Rd., Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Franklin County, Ohio.

59.     Defendant Winking Lizard of Bethel Rd., Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

60.     Defendant Winking Lizard of Bethel Rd., Inc. operates a Winking Lizard Tavern restaurant located at 1380 Bethel Road Columbus, OH 43220.

61.     At all material times, Defendant Winking Lizard of Bethel Rd., Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

62.     At all material times, Defendant Winking Lizard of Brunswick, Inc. was a corporation duly licensed to transact business in the State of Ohio.

63.     Defendant Winking Lizard of Brunswick, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

8

64.     Defendant Winking Lizard of Brunswick, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

65.     Defendant Winking Lizard of Brunswick, Inc. operates a Winking Lizard Tavern restaurant located at 3634 Center Road Brunswick, OH 44212.

66.     At all material times, Defendant Winking Lizard of Brunswick, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

67.     At all material times, Defendant Winking Lizard of Columbus, Inc. was a corporation duly licensed to transact business in the State of Ohio.

68.     Defendant Winking Lizard of Columbus, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Franklin County, Ohio.

69.     Defendant Winking Lizard of Columbus, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

70.     Defendant Winking Lizard of Columbus, Inc. operates a Winking Lizard Tavern restaurant located at 1416 West 5th Avenue Columbus, OH 43212.

71.     At all material times, Defendant Winking Lizard of Columbus, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

72.     At all material times, Defendant Winking Lizard of Copley, Inc. was a corporation duly licensed to transact business in the State of Ohio.

73.     Defendant Winking Lizard of Copley, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Summit County, Ohio.

74.     Defendant Winking Lizard of Copley, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

9

75.     Defendant Winking Lizard of Copley, Inc. operates a Winking Lizard Tavern restaurant located at 79 Springside Drive Copley, OH 44333.

76.     At all material times, Defendant Winking Lizard of Copley, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

77.     At all material times, Defendant Winking Lizard of Coventry, Inc. was a corporation duly licensed to transact business in the State of Ohio.

78.     Defendant Winking Lizard of Coventry, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

79.     Defendant Winking Lizard of Coventry, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

80.     Defendant Winking Lizard of Coventry, Inc. operates a Winking Lizard Tavern restaurant located at 1852 Coventry Road Cleveland Heights, OH 44118.

81.     At all material times, Defendant Winking Lizard of Coventry, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

82.     At all material times, Defendant Winking Lizard of Gateway, Inc. was a corporation duly licensed to transact business in the State of Ohio.

83.     Defendant Winking Lizard of Gateway, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

84.     Defendant Winking Lizard of Gateway, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

85.     Defendant Winking Lizard of Gateway, Inc. operates a Winking Lizard Tavern restaurant located at 811 Huron Road Cleveland, OH 44115.

10

86.     At all material times, Defendant Winking Lizard of Gateway, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

87.     At all material times, Defendant Winking Lizard of Independence, Inc. was a corporation duly licensed to transact business in the State of Ohio.

88.     Defendant Winking Lizard of Independence, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

89.     Defendant Winking Lizard of Independence, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

90.     Defendant Winking Lizard of Independence, Inc. operates a Winking Lizard Tavern restaurant located at 6111 Quarry Lane Independence, OH 44131.

91.     At all material times, Defendant Winking Lizard of Independence, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

92.     At all material times, Defendant Winking Lizard of Lakewood, Inc. was a corporation duly licensed to transact business in the State of Ohio.

93.     Defendant Winking Lizard of Lakewood, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

94.     Defendant Winking Lizard of Lakewood, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

95.     Defendant Winking Lizard of Lakewood, Inc. operates a Winking Lizard Tavern restaurant located at 14018 Detroit Avenue Lakewood, OH 44107.

96.     At all material times, Defendant Winking Lizard of Lakewood, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

11

97.     At all material times, Defendant Winking Lizard of Macedonia, Inc. was a corporation duly licensed to transact business in the State of Ohio.

98.     Defendant Winking Lizard of Macedonia, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Summit County, Ohio.

99.     Defendant Winking Lizard of Macedonia, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

100.    Defendant Winking Lizard of Macedonia, Inc. operates a Winking Lizard Tavern restaurant located at 511 East Aurora Road Macedonia, OH 44056.

101.    At all material times, Defendant Winking Lizard of Macedonia, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

102.    At all material times, Defendant Winking Lizard of North Canton, Inc. was a corporation duly licensed to transact business in the State of Ohio.

103.    Defendant Winking Lizard of North Canton, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Stark County, Ohio.

104.    Defendant Winking Lizard of North Canton, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

105.    Defendant Winking Lizard of North Canton, Inc. operates a Winking Lizard Tavern restaurant located at 2175 East Maple Street North Canton, OH 44720.

106.    At all material times, Defendant Winking Lizard of North Canton, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

107.    At all material times, Defendant Winking Lizard of Northwest Columbus, Inc. was a corporation duly licensed to transact business in the State of Ohio.

12

108.    Defendant Winking Lizard of Northwest Columbus, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

109.    Defendant Winking Lizard of Northwest Columbus, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

110.    Defendant Winking Lizard of Northwest Columbus, Inc. operates a Winking Lizard Tavern restaurant located at 100 Hutchinson Avenue Columbus, OH 43235.

111.    At all material times, Defendant Winking Lizard of Northwest Columbus, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

112.    At all material times, Defendant Winking Lizard of Peninsula, Inc. was a corporation duly licensed to transact business in the State of Ohio.

113.    Defendant Winking Lizard of Peninsula, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Summit County, Ohio.

114.    Defendant Winking Lizard of Peninsula, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

115.    Defendant Winking Lizard of Peninsula, Inc. operates a Winking Lizard Tavern restaurant located at 1615 Main Street Peninsula, OH 44264.

116.    At all material times, Defendant Winking Lizard of Peninsula, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

117.    At all material times, Defendant Winking Lizard of Westerville, Inc. was a corporation duly licensed to transact business in the State of Ohio.

118.    Defendant Winking Lizard of Westerville, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

13

119.    Defendant Winking Lizard of Westerville, Inc. is a wholly owned subsidiary of Defendant Winking Lizard, Inc.

120.    Defendant Winking Lizard of Westerville, Inc. operates a Winking Lizard Tavern restaurant located at 496 Polaris Pkwy., Westerville, Ohio 43082.

121.    At all material times, Defendant Winking Lizard of Westerville, Inc. was an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

### Defendants Are a "Single Enterprise" and "Single Employer"

122.    At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of Winking Lizard Taverns in Ohio.

123.    Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Winking Lizard Taverns within Ohio.

124.    Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

125.    The Winking Lizard Tavern restaurants are controlled by Winking Lizard, Inc., which directs, governs, and administers the performance of Defendants' operation and maintenance of Winking Lizard Taverns in Ohio.

126.    Defendants run each Winking Lizard Tavern identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

127.    Defendants represent themselves to the general public through their website as one restaurant company–Winking Lizard Tavern–operating at multiple locations.

14

128.    The Winking Lizard website allows potential job applicants to apply for employment at any of the Winking Lizard Tavern locations from the same common job application form.[2]

129.    Defendants share employees between restaurant locations.

130.    Defendants share common management between restaurant locations. For example, Regional Managers oversee multiple Winking Lizard Tavern restaurant locations.

131.    The Winking Lizard Tavern restaurants share common human resources and payroll services.

132.    Defendants are commonly owned, at least in part, by Fred Kobzowicz.

133.    Defendants all use the trade name "Winking Lizard Tavern" at their Winking Lizard Tavern restaurant locations.

134.    Defendants operate the various restaurant locations from the same headquarters.

135.    Defendants share the same registered agent.

136.    Defendants advertise together on the same website.

137.    Defendants provide the same array of products and services to their customers at their Winking Lizard Tavern restaurant locations.

138.    The "Winking Lizard Tavern" family of restaurants exists under the control and direction of Defendants.

139.    This family of restaurants provides the same service product to its customers by using a set formula when conducting its business.

140.    Part of that set formula is the wage violations alleged in this complaint.

---

[2]      http://www.winkinglizard.com/apply-online.

## STATEMENT OF FACTS

141.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

142.    Plaintiffs were hired by Defendants to perform labor at Defendants' restaurants.

143.    Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

144.    Plaintiffs were employed by Defendants as servers and bartenders.

145.    Defendants paid Plaintiffs a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

146.    Defendants regularly and frequently required Plaintiffs to perform a number of non-tipped duties unrelated to their tipped occupations, including but not limited to: taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, and cleaning and restocking restrooms.

147.    Defendants paid Plaintiffs a sub-minimum wage for all hours that Plaintiffs worked for Defendants, including the periods during which Plaintiffs were performing non-tipped duties.

148.    Defendants regularly and frequently required Plaintiffs to perform a number of non-tipped duties related to their tipped occupations, including but not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, wiping down tables, setting

16

tables, busing tables, cutting and stocking fruit, stocking ice, restocking to-go supplies, cleaning ramekins, and restocking all stations.

149.    The time Plaintiffs spent performing these duties customarily exceeded 50% of their work time.

150.    Many of the job duties Defendants require servers and bartenders to perform besides serving customers are contained in posted checklists at Defendants' restaurants, including opening duties, mid-shift duties, and closing duties.

151.    Defendants maintain uniform, or substantially uniform, job descriptions for the server job position at each of the Winking Lizard Tavern restaurant locations. *See* Ex. B, representative job postings.

152.    Defendants' server job postings require servers to perform work besides serving customers, including: completing "opening, mid, and closing checklists," preparing soups, preparing desserts, completing daily "side work" and "cleaning projects," and rolling silverware.

153.    In addition, Defendants required Plaintiffs and other servers and bartenders to reimburse the restaurants from their tips, including for customer walkouts, cash shortages, and point-of-sale mistakes.

## COLLECTIVE ACTION ALLEGATIONS

154.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155.    Plaintiffs bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

156.    Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required

by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

157.    Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in Ohio in the job position of server or bartender and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than $7.25, excluding tips).**

158.    The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiffs' and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

159.    Upon information and belief, Defendants have employed hundreds of tipped employees during the period relevant to this action.

160.    The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

161.    Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

162.    Collective adjudication is appropriate in this case because the tipped employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs;

18

have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs were subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## TIP CHARGEBACKS

163.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

164.    Defendants required Plaintiffs to reimburse the restaurants from their tips, including for customer walkouts, cash shortages, and point-of-sale mistakes.

165.    As a result, Defendants were not entitled to take a tip credit against Plaintiffs' minimum wages.

166.    Defendants failed and/or refused to pay Plaintiffs the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

167.    As such, full applicable minimum wage for such time Plaintiffs worked is owed to Plaintiffs for the entire time they were employed by Defendants.

168.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

169.    Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Tyrone Kenner, Christopher Sanford, Tayler Downs, and Victoria Cooper, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

<u>COUNT TWO: FAIR LABOR STANDARDS ACT</u>
<u>"DUAL JOBS"</u>

170.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

171.    Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiffs in a given workweek, and during each and every workweek Plaintiffs were employed by Defendants, to perform non-tipped labor unrelated to their tipped occupation over the course of their regular workweek, while paying Plaintiffs at the tip credit rate.

172.    Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiffs in a given workweek, and during each and every workweek Plaintiffs were employed by Defendants, to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular workweek, while paying Plaintiffs at the tip credit rate.

173.    Defendants failed and/or refused to pay Plaintiffs the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor related to their tipped occupation, despite requiring them to perform such work in excess of twenty percent

20

(20%) of a given workweek, for each and every workweek that Plaintiffs were employed by Defendants, in violation of 29 U.S.C. § 206(a).

174.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

175.    Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Tyrone Kenner, Christopher Sanford, Tayler Downs, and Victoria Cooper, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this November 4, 2016.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 089601)
Christopher J. Bendau (admitted *pro hac vice*)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com


By: /s/ *Douglas M. Werman*
Douglas M. Werman (admitted *pro hac vice*)
Zachary C. Floweree (admitted *pro hac vice*)
WERMAN SALAS P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
Telephone (312) 419-1008
Email: dwerman@flsalaw.com
        zflowerree@flsalaw.com


By: /s/ *James L. Simon*
James L. Simon (OH No. 89483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com