IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA COOPER, *et al.*, | ) | CASE No. 1:16-cv-01513 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS' ANSWER AND** |
| WINKING LIZARD, INC., *et al.*, | ) | **AFFIRMATIVE DEFENSES TO** |
| | ) | **PLAINTIFFS' FIRST AMENDED** |
| Defendants. | ) | **COMPLAINT** |

Defendants Winking Lizard, Inc. ("Winking Lizard"), Winking Lizard of Avon, Inc.,

Winking Lizard of Bedford Heights, Inc., Winking Lizard of Bethel Rd., Inc., Winking Lizard of

Brunswick, Inc., Winking Lizard of Columbus, Inc., Winking Lizard of Copley, Inc., Winking

Lizard of Coventry, Inc., Winking Lizard of Gateway, Inc., Winking Lizard of Independence,

Inc., Winking Lizard of Lakewood, Inc., Winking Lizard of Macedonia, Inc., Winking Lizard of

North Canton, Inc., Winking Lizard of Northwest Columbus, Inc., Winking Lizard of Peninsula,

Inc., and Winking Lizard of Westerville, Inc. (collectively, "Defendants"), by and through the

undersigned counsel, for their Answer and Affirmative Defenses to the First Amended

Complaint filed by Plaintiffs Tyrone Kenner, Christopher Sanford, Tayler Downs, and Victoria

Cooper (collectively, "Plaintiffs"), state as follows:

**PRELIMINARY STATEMENTS**

1.      The allegations in Paragraph 1 of the First Amended Complaint consist of legal

conclusions, to which no response is required.  To the extent a response is required, Defendants

deny that they failed to pay Plaintiffs any wages to which they are entitled.

2.      In response to Paragraph 2 of the First Amended Complaint, Defendants admit that Winking Lizard, Inc. owns and operates over a dozen Winking Lizard restaurants.  Defendants deny the remaining allegations in Paragraph 2.

3.      In response to Paragraph 3 of the First Amended Complaint, Defendants aver that they pay certain of their employees in accordance with the tip-credit provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Defendants deny the remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 of the First Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 4 represents an accurate or correct statement of the law.

5.      Defendants deny the allegations contained in Paragraph 5 of the First Amended Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the First Amended Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the First Amended Complaint.

## JURISDICTION AND VENUE

8.      Defendants incorporate by reference the preceding paragraphs as if fully rewritten herein.

9.      The allegations in Paragraph 9 of the First Amended Complaint consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that the Court has subject-matter jurisdiction over Plaintiffs' claims, but deny that any of the Defendants engaged in any conduct to give rise to such claims.

2

10.     The allegations in Paragraph 10 of the First Amended Complaint consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that the venue for Plaintiffs' claims is proper in this Court, but deny that any of the Defendants engaged in any conduct to give rise to such claims.

## PARTIES

11.     Defendants incorporate by reference the preceding paragraphs as if fully rewritten herein.

12.     In response to Paragraph 12 of the First Amended Complaint, Defendants admit that Tyrone Kenner is a former employee of Winking Lizard.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and, therefore, they are denied.

13.     Defendants admit the allegations contained in Paragraph 13 of the First Amended Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of the First Amended Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the First Amended Complaint, and aver that Kenner was employed by Winking Lizard from June 7, 2015 until February 29, 2016.

16.     In response to Paragraph 16 of the First Amended Complaint, Defendants aver that Kenner was paid an hourly wage in accordance with the tip-credit provision of the FLSA. Defendants deny the remaining allegations in Paragraph 16.

17.     In response to Paragraph 17 of the First Amended Complaint, Defendants aver that Kenner performed various duties during his employment with Winking Lizard.  Defendants deny the remaining allegations contained in Paragraph 17.

18.     Defendants deny the allegations contained in Paragraph 18 of the First Amended Complaint.

19.     The allegations contained in Paragraph 19 of the First Amended Complaint consist of legal conclusions to which no response is required.

20.     In response to Paragraph 20 of the First Amended Complaint, Defendants admit that Sanford is a former employee of Winking Lizard.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20, and, therefore, they are denied.

21.     Defendants admit the allegations contained in Paragraph 21 of the First Amended Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the First Amended Complaint, and aver that Sanford was employed by Winking Lizard from May 23, 2013 until July 13, 2014.

23.     In response to Paragraph 23 of the First Amended Complaint, Defendants aver that Sanford was paid an hourly wage in accordance with the tip-credit provision of the FLSA. Defendants deny the remaining allegations in Paragraph 23.

24.     In response to Paragraph 24 of the First Amended Complaint, Defendants aver that Sanford performed various duties during his employment with Winking Lizard.  Defendants deny the remaining allegations contained in Paragraph 24.

25.     Defendants deny the allegations contained in Paragraph 25 of the First Amended Complaint.

26.     The allegations contained in Paragraph 26 of the First Amended Complaint consist of legal conclusions to which no response is required.

27.     In response to Paragraph 25 of the First Amended Complaint, Defendants admit that Downs is a former employee of Winking Lizard.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25, and, therefore, they are denied.

28.     Defendants admit the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the First Amended Complaint, and aver that Downs was employed by Winking Lizard from November 13, 2013 until May 11, 2016.

30.     In response to Paragraph 30 of the First Amended Complaint, Defendants aver that Downs was paid an hourly wage in accordance with the tip-credit provision of the FLSA. Defendants deny the remaining allegations in Paragraph 30.

31.     In response to Paragraph 31 of the First Amended Complaint, Defendants aver that Downs performed various duties during her employment with Winking Lizard. Defendants deny the remaining allegations contained in Paragraph 31.

32.     Defendants deny the allegations contained in Paragraph 32 of the First Amended Complaint.

33.     The allegations contained in Paragraph 33 of the First Amended Complaint consist of legal conclusions to which no response is required.

34.     In response to Paragraph 34 of the First Amended Complaint, Defendants admit that Cooper is a former employee of Winking Lizard.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34, and, therefore, they are denied.

35.     Defendants admit the allegations contained in Paragraph 35 of the First Amended Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the First Amended Complaint, and aver that Cooper was employed by Winking Lizard from April 24, 2014 until August 14, 2015.

37.     In response to Paragraph 37 of the First Amended Complaint, Defendants aver that Cooper was paid an hourly wage in accordance with the tip-credit provision of the FLSA. Defendants deny the remaining allegations in Paragraph 37.

38.     In response to Paragraph 38 of the First Amended Complaint, Defendants aver that Cooper performed various duties during her employment with Winking Lizard. Defendants deny the remaining allegations contained in Paragraph 38.

39.     Defendants deny the allegations contained in Paragraph 39 of the First Amended Complaint.

40.     The allegations contained in Paragraph 40 of the First Amended Complaint consist of legal conclusions to which no response is required.

41.     The allegations contained in Paragraph 41 of the First Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants refer to Exhibit A to Plaintiffs' First Amended Complaint for its contents.

42. Defendants admit the allegations contained in Paragraph 42 of the First Amended Complaint.

43. Defendants admit the allegations contained in Paragraph 43 of the First Amended Complaint.

44. Defendants admit the allegations contained in Paragraph 44 of the First Amended Complaint.

45. Defendants admit the allegations contained in Paragraph 45 of the First Amended Complaint and aver that Kobzowicz is a shareholder of Winking Lizard.

46. The allegations contained in Paragraph 46 of the First Amended Complaint consist of legal conclusions to which no response is required.

47. Defendants admit the allegations contained in Paragraph 47 of the First Amended Complaint.

48. In response to Paragraph 48 of the First Amended Complaint, Defendants aver that Winking Lizard of Avon, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Lorain County, Ohio.

49. Defendants admit the allegations contained in Paragraph 49 of the First Amended Complaint.

50. Defendants admit the allegations contained in Paragraph 50 of the First Amended Complaint.

51. The allegations contained in Paragraph 51 of the First Amended Complaint consist of legal conclusions to which no response is required.

52. Defendants admit the allegations contained in Paragraph 52 of the First Amended Complaint.

53.     Defendants admit the allegations contained in Paragraph 53 of the First Amended Complaint.

54.     Defendants admit the allegations contained in Paragraph 54 of the First Amended Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the First Amended Complaint.

56.     The allegations contained in Paragraph 56 of the First Amended Complaint consist of legal conclusions to which no response is required.

57.     Defendants admit the allegations contained in Paragraph 57 of the First Amended Complaint.

58.     Defendants admit the allegations contained in Paragraph 58 of the First Amended Complaint.

59.     Defendants admit the allegations contained in Paragraph 59 of the First Amended Complaint.

60.     Defendants admit the allegations contained in Paragraph 60 of the First Amended Complaint.

61.     The allegations contained in Paragraph 61 of the First Amended Complaint consist of legal conclusions to which no response is required.

62.     Defendants admit the allegations contained in Paragraph 62 of the First Amended Complaint.

63.     Defendants admit the allegations contained in Paragraph 63 of the First Amended Complaint.

64.     Defendants admit the allegations contained in Paragraph 64 of the First Amended Complaint.

65.     Defendants admit the allegations contained in Paragraph 65 of the First Amended Complaint.

66.     The allegations contained in Paragraph 66 of the First Amended Complaint consist of legal conclusions to which no response is required.

67.     Defendants admit the allegations contained in Paragraph 67 of the First Amended Complaint.

68.     Defendants admit the allegations contained in Paragraph 68 of the First Amended Complaint.

69.     Defendants admit the allegations contained in Paragraph 69 of the First Amended Complaint.

70.     Defendants dent the allegations contained in Paragraph 70 of the First Amended Complaint.

71.     The allegations contained in Paragraph 71 of the First Amended Complaint consist of legal conclusions to which no response is required.

72.     Defendants admit the allegations contained in Paragraph 72 of the First Amended Complaint.

73.     Defendants admit the allegations contained in Paragraph 73 of the First Amended Complaint.

74.     Defendants admit the allegations contained in Paragraph 74 of the First Amended Complaint.

75.     Defendants admit the allegations contained in Paragraph 75 of the First Amended Complaint.

76.     The allegations contained in Paragraph 76 of the First Amended Complaint consist of legal conclusions to which no response is required.

77.     Defendants admit the allegations contained in Paragraph 77 of the First Amended Complaint.

78.     Defendants admit the allegations contained in Paragraph 78 of the First Amended Complaint.

79.     Defendants admit the allegations contained in Paragraph 79 of the First Amended Complaint.

80.     In response to Paragraph 80 of the First Amended Complaint, Defendants aver that the Winking Lizard restaurant located at 1852 Coventry Road, Cleveland Heights, Ohio 44118 ceased operations effective August 11, 2016.  Defendants otherwise admit the allegations contained in Paragraph 76 of the First Amended Complaint.

81.     The allegations contained in Paragraph 81 of the First Amended Complaint consist of legal conclusions to which no response is required.

82.     Defendants admit the allegations contained in Paragraph 82 of the First Amended Complaint.

83.     Defendants admit the allegations contained in Paragraph 83 of the First Amended Complaint.

84.     Defendants admit the allegations contained in Paragraph 84 of the First Amended Complaint.

85.     Defendants admit the allegations contained in Paragraph 85 of the First Amended Complaint.

86.     The allegations contained in Paragraph 86 of the First Amended Complaint consist of legal conclusions to which no response is required.

87.     Defendants admit the allegations contained in Paragraph 87 of the First Amended Complaint.

88.     Defendants admit the allegations contained in Paragraph 88 of the First Amended Complaint.

89.     Defendants admit the allegations contained in Paragraph 89 of the First Amended Complaint.

90.     Defendants admit the allegations contained in Paragraph 90 of the First Amended Complaint.

91.     The allegations contained in Paragraph 91 of the First Amended Complaint consist of legal conclusions to which no response is required.

92.     Defendants admit the allegations contained in Paragraph 92 of the First Amended Complaint.

93.     Defendants admit the allegations contained in Paragraph 93 of the First Amended Complaint.

94.     Defendants admit the allegations contained in Paragraph 94 of the First Amended Complaint.

95.     Defendants admit the allegations contained in Paragraph 95 of the First Amended Complaint.

96.     The allegations contained in Paragraph 96 of the First Amended Complaint consist of legal conclusions to which no response is required.

97.     Defendants admit the allegations contained in Paragraph 97 of the First Amended Complaint.

98.     Defendants admit the allegations contained in Paragraph 98 of the First Amended Complaint.

99.     Defendants admit the allegations contained in Paragraph 99 of the First Amended Complaint.

100.    Defendants admit the allegations contained in Paragraph 100 of the First Amended Complaint.

101.    The allegations contained in Paragraph 101 of the First Amended Complaint consist of legal conclusions to which no response is required.

102.    Defendants admit the allegations contained in Paragraph 102 of the First Amended Complaint.

103.    Defendants admit the allegations contained in Paragraph 103 of the First Amended Complaint.

104.    Defendants admit the allegations contained in Paragraph 104 of the First Amended Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the First Amended Complaint.

106.    The allegations contained in Paragraph 106 of the First Amended Complaint consist of legal conclusions to which no response is required.

107.     Defendants admit the allegations contained in Paragraph 107 of the First Amended Complaint.

108.     Defendants admit the allegations contained in Paragraph 108 of the First Amended Complaint.

109.     Defendants admit the allegations contained in Paragraph 109 of the First Amended Complaint.

110.     Defendants deny the allegations contained in Paragraph 110 of the First Amended Complaint.

111.     The allegations contained in Paragraph 111 of the First Amended Complaint consist of legal conclusions to which no response is required.

112.     Defendants admit the allegations contained in Paragraph 112 of the First Amended Complaint.

113.     Defendants admit the allegations contained in Paragraph 113 of the First Amended Complaint.

114.     Defendants admit the allegations contained in Paragraph 114 of the First Amended Complaint.

115.     Defendants admit the allegations contained in Paragraph 115 of the First Amended Complaint.

116.     The allegations contained in Paragraph 116 of the First Amended Complaint consist of legal conclusions to which no response is required.

117.     Defendants admit the allegations contained in Paragraph 117 of the First Amended Complaint.

118.    Defendants admit the allegations contained in Paragraph 118 of the First Amended Complaint.

119.    Defendants admit the allegations contained in Paragraph 119 of the First Amended Complaint.

120.    Defendants admit the allegations contained in Paragraph 120 of the First Amended Complaint.

121.    The allegations contained in Paragraph 121 of the First Amended Complaint consist of legal conclusions to which no response is required.

122.    The allegations contained in Paragraph 122 of the First Amended Complaint consist of legal conclusions to which no response is required.

123.    Defendants deny the allegations contained in Paragraph 123 of the First Amended Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of the First Amended Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the First Amended Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the First Amended Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of the First Amended Complaint.

128.    Defendants admit the allegations contained in Paragraph 128 of the First Amended Complaint.

129.    In response to Paragraph 129 of the First Amended Complaint, Defendants admit that some of Winking Lizard, Inc.'s employees have responsibilities at several Winking Lizard restaurants.  Defendants deny the remaining allegations contained in Paragraph 129.

130.    In response to Paragraph 130 of the First Amended Complaint, Defendants admit that Regional Managers oversee multiple Winking Lizard restaurants.  Defendants deny the remaining allegations contained in Paragraph 130.

131.    Defendants admit the allegations contained in Paragraph 131 of the First Amended Complaint.

132.    Defendants admit the allegations contained in Paragraph 132 of the First Amended Complaint.

133.    Defendants admit the allegations contained in Paragraph 133 of the First Amended Complaint.

134.    Defendants admit the allegations contained in Paragraph 134 of the First Amended Complaint.

135.    Defendants admit the allegations contained in Paragraph 135 of the First Amended Complaint.

136.    Defendants admit the allegations contained in Paragraph 136 of the First Amended Complaint.

137.    Defendants admit the allegations contained in Paragraph 137 of the First Amended Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the First Amended Complaint.

139.     In response to Paragraph 139 of the First Amended Complaint, Defendants admit that Winking Lizard restaurants generally provide the same products to their respective customers.  Defendants deny the remaining allegations contained in Paragraph 139.

140.     Defendants deny the allegations contained in Paragraph 140 of the First Amended Complaint.

## STATEMENT OF FACTS

141.     Defendants incorporate by reference the preceding paragraphs as if fully rewritten herein.

142.     Defendants deny the allegations contained in Paragraph 142 of the First Amended Complaint.

143.     Defendants admit the allegations contained in Paragraph 143 of the First Amended Complaint.

144.     In response to the allegations contained in Paragraph 144 of the First Amended Complaint, Defendants aver that some of the Plaintiffs were employed by Winking Lizard, Inc. as bartenders, and some of the Plaintiffs were employed by Winking Lizard, Inc. as servers. Defendants deny the remaining allegations contained in Paragraph 144.

145.     In response to the allegations contained in Paragraph 145 of the First Amended Complaint, Defendants admit that they pay certain of their employees in accordance with the tip-credit provision of the FLSA.  Defendants deny the remaining allegations in Paragraph 145.

146.     In response to Paragraph 146 of the First Amended Complaint, Defendants aver that Plaintiffs performed various duties. Defendants deny the remaining allegations contained in Paragraph 146.

147.    In response to Paragraph 147 of the First Amended Complaint, Defendants aver that Plaintiffs were compensated in accordance with the tip-credit provision of the FLSA. Defendants deny the remaining allegations contained in Paragraph 1478

148.    In response to Paragraph 148 of the First Amended Complaint, Defendants aver that Plaintiffs performed various duties.  Defendants deny the remaining allegations contained in Paragraph 145 of the First Amended Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the First Amended Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the First Amended Complaint.

151.    In response to Paragraph 151 of the First Amended Complaint, Defendants aver that the job descriptions speak for themselves.  Defendants deny the remaining allegations contained in Paragraph 151 of the First Amended Complaint.

152.    In response to Paragraph 152 of the First Amended Complaint, Defendants aver that the job descriptions speak for themselves.  Defendants deny the remaining allegations contained in Paragraph 152 of the First Amended Complaint.

153.    Defendants deny the allegations contained in Paragraph 153 of the First Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

154.    Defendants incorporate by reference the preceding paragraphs as if fully rewritten herein.

155.    In response to Paragraph 155 of the First Amended Complaint, Defendants admit that Plaintiffs assert collective claims under the FLSA, but deny that Plaintiffs' claims are

appropriate for collective treatment.  Defendants deny the remaining allegations contained in Paragraph 155.

156.    In response to Paragraph 156 of the First Amended Complaint, Defendants admit that Plaintiffs assert collective claims under the FLSA, but deny that Plaintiffs' claims are appropriate for collective treatment and/or that Plaintiffs are similarly situated to the putative class members whom Plaintiffs seek to represent.  Defendants deny the remaining allegations contained in Paragraph 156.

157.    In response to the allegations in Paragraph 157 of the First Amended Complaint, Defendants admit that Plaintiffs seek to represent certain servers and bartenders, but deny that Plaintiffs' representation of such individuals is appropriate and/or that collective treatment of Plaintiffs' claims is appropriate.  Defendants deny the remaining allegations in Paragraph 157.

158.    To the extent the allegations contained in Paragraph 158 of the First Amended Complaint consist of legal conclusions, no response is required.  Defendants deny the remaining allegations contained in Paragraph 158.

159.    Defendants admit the allegations contained in Paragraph 159 of the First Amended Complaint.

160.    In response to paragraph 160 of the First Amended Complaint, Defendants admit that they have knowledge of the identities of the putative class members whom Plaintiffs seek to represent, but deny that collective treatment of Plaintiffs' claims is appropriate.  Defendants deny the remaining allegations contained in Paragraph 160.

161.    In response to paragraph 161 of the First Amended Complaint, Defendants admit that Plaintiffs seek to bring their FLSA claims as a collective action, but deny that collective

treatment of Plaintiffs' claims is appropriate. Defendants deny the remaining allegations contained in Paragraph 161.

162.　　Defendants deny the allegations contained in Paragraph 162 of the First Amended Complaint.

## COUNT ONE

163.　　Defendants incorporate by reference the preceding paragraphs as if fully rewritten herein.

164.　　Defendants deny the allegations contained in Paragraph 164 of the First Amended Complaint.

165.　　Defendants deny the allegations contained in Paragraph 165 of the First Amended Complaint.

166.　　Defendants deny the allegations contained in Paragraph 166 of the First Amended Complaint.

167.　　Defendants deny the allegations contained in Paragraph 167 of the First Amended Complaint.

168.　　In response to the allegations contained in Paragraph 168 of the First Amended Complaint, Defendants admit that they were aware of the FLSA minimum wage requirements during Plaintiffs' employment.　Defendants deny the remaining allegations contained in Paragraph 168.

169.　　Defendants deny the allegations contained in Paragraph 169 of the First Amended Complaint.

## COUNT II

170.    Defendants incorporate by reference the preceding paragraphs as if fully rewritten herein.

171.    Defendants deny the allegations contained in Paragraph 171 of the First Amended Complaint.

172.    Defendants deny the allegations contained in Paragraph 172 of the First Amended Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of the First Amended Complaint.

174.    In response to the allegations contained in Paragraph 174 of the First Amended Complaint, Defendants admit that they were aware of the FLSA minimum wage requirements during Plaintiffs' employment.    Defendants deny the remaining allegations contained in Paragraph 174.

175.    Defendants deny the allegations contained in Paragraph 175 of the First Amended Complaint.

176.    Defendants deny that Plaintiffs are entitled to a judgment and/or any of the relief contained in the paragraphs that follow Paragraph 169 and Paragraph 175 of the First Amended Complaint.

177.    Defendants deny each and every allegations set forth in the First Amended Complaint that is not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby assert the following Affirmative and Other Defenses, without prejudice to their right to argue that Plaintiff bears the burden of proof as to some or all of these matters:

1.      Plaintiffs  have failed to state a claim, in whole or in part, upon which relief may be granted.

2.      Plaintiffs have failed to plead a *prima facie* case arising under the FLSA.

3.      Plaintiffs' claims are barred by their lack of standing to pursue claims on behalf of anyone other than themselves.

4.      Plaintiffs' claims are barred by the lack of an actual case or controversy beyond their own claims.

5.      Plaintiffs' claims are barred because Plaintiffs have been paid all wages due under federal and state law.

6.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' pay was properly subject to a tip credit at all times under federal law.

7.      Defendants are entitled to any and all setoffs, recoupments, and/or offsets permitted by law or in equity, including without limitation, all amounts overpaid to Plaintiffs in the course of their employment, including, but not limited to, employee meals, payments, and any other setoff permitted by law.

8.      Plaintiffs' claims are barred against some or all of the Defendants because some or all of the Defendants were not Plaintiffs' respective employers.

9.      Some or all of Plaintiffs' claims are barred by the applicable statute of limitations, to the extent Plaintiffs bring claims for any time period greater than two years for a non-willful

violation, or three years for a willful violation, from the date Plaintiffs filed their opt-in consent form with the Court

10.      Some or all of Plaintiffs' claims are *de minimis* and therefore barred by the *de minimis* rule.

11.      Some or all of Plaintiffs' claims are barred to the extent Plaintiffs are seeking compensation for time that is non-compensable and/or non-working time.

12.      Defendants reserve the right to add further and additional defenses that become known through the course of discovery.

Defendants respectfully request that this Court deny all relief requested by Plaintiffs. Defendants further request that this Court enter a judgment in favor of Defendants, and award Defendants their costs and attorney fees so wrongfully sustained.

## RELIANCE ON JURY DEMAND

Defendants hereby rely upon the jury demand filed by Plaintiffs in the above-referenced matter.  Defendants further demand for themselves a trial by jury on any matter so triable in law or equity.

Respectfully submitted,

*/s/ Daniel L. Messeloff*

Daniel L. Messeloff (0078900)
James M. Stone (0034691)
Michael J. Kozimor (0092376)
**Jackson Lewis PC**
Park Center Plaza I, Suite 400
Cleveland, Ohio  44131
Telephone:  (216) 750-0404
Fax:  (216) 750-0826
Email:Daniel.Messeloff@jacksonlewis.com
          James.Stone@jacksonlewis.com
          Michael.Kozimor@jacksonlewis.com

Attorneys for Defendants

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of November, 2016, a true and accurate copy of the foregoing *Defendants' Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint* was filed electronically with the United States District Court for the Northern District of Ohio. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Daniel L. Messeloff*
Daniel L. Messeloff (0078900)
One of the Attorneys for Defendants

4833-0043-1421, v. 1