# **EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VICTORIA COOPER, *et al.* <br><br> Plaintiffs <br><br> *v.* <br><br> WINKING LIZARD, INC., *et al.* <br><br> Defendants | Case No. 1:16-cv-01513-DAP <br><br> Judge Dan Aaron Polster <br><br> Magistrate Judge Jonathan D. Greenberg |

**DECLARATION OF DOUGLAS M. WERMAN**

I, Douglas M. Werman, declare as follows:

1. I am a member in good standing of the Illinois State Bar and am the managing shareholder of Werman Salas P.C. I submit this declaration in support of Plaintiffs' Unopposed Motion for Approval of Settlement, and for Approval of Service Awards and Attorneys' Fees and Costs.

2. I have personal knowledge of the factual matters set forth in this declaration.

**My Experience**

3. I graduated from Loyola University of Chicago's School of Law in 1990. I received my undergraduate degree from the University of Illinois, Champaign-Urbana, in 1987. I was admitted to practice law in the State of Illinois in 1990. During the entire course of my legal practice, I have practiced primarily in the area of labor and employment law. Since 2001, my practice has been highly concentrated in representing employees in cases arising under federal and state wage and hour laws.

1

4. I am admitted in the following courts:

| COURT OF ADMISSION | DATE OF ADMISSION |
|---|---|
| State of Illinois | 11/08/1990 |
| Northern District of Illinois | 12/20/1990 |
| Seventh Circuit Court of Appeals | 08/05/1994 |
| Western District of Michigan | 06/24/1999 |
| Central District of Illinois | 03/30/2001 |
| Eastern District of Michigan | 03/25/2003 |
| Southern District of Illinois | 04/08/2010 |
| Northern District of Indiana | 10/25/2010 |
| Second Circuit Court of Appeals | 11/21/2013 |
| Eleventh Circuit Court of Appeals | 05/06/2015 |
| Western District of New York | 07/22/2015 |
| Federal Claims Court | 08/13/2015 |
| Southern District of Indiana | 11/05/2015 |
| Eastern District of Arkansas | 12/04/2015 |
| Tenth Circuit Court of Appeals | 04/21/2016 |
| Ninth Circuit Court of Appeals | 05/20/2016 |
| District of Colorado | 06/06/2017 |

5. My published cases in the area of wage and hour and employment law exceed 200 decisions, and include *Ervin v. OS Rest. Servs.*, 632 F.3d 971 (7th Cir. 2011), the leading appellate decision addressing the propriety of a combined Rule 23 class action and a FLSA collective action under 29 U.S.C. § 216(b).

6. I was a co-author of the National Employment Lawyers Association ("NELA") *amicus* brief filed in the case *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872 (8th Cir. 2011) *cert. denied* ___ U.S. ___, 181 L. Ed. 2d 977 (Jan. 17, 2012), which deals with Section 3(m) of the Fair Labor Standards Act, and what duties a tipped employee may lawfully perform while receiving a tip-credit wage rate. I was also a co-author of the NELA *amicus* brief filed in the case *Roach v. T.L. Cannon Corp.*, which resulted in the successful appeal and reversal of a district court's decision denying class certification on the grounds that individualized damages in a wage and hour class action defeated predominance under Fed. R. Civ. P. 23(b)(3). *Roach v. T.L. Cannon Corp.*,

No. 13-3070-CV, 2015 WL 528125 (2d Cir. Feb. 10, 2015). The *Roach* decision is a leading appellate decision addressing the impact of the United States Supreme Court decision in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) on the predominance prong of Fed. R. Civ. P. 23(b)(3) in wage and hour class actions.

7. I am a frequent speaker and author on wage and hour matters. Some examples of my speaking engagements are:

| | |
|---|---|
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Co-Counseling & Cooperating with Other Plaintiffs' Lawyers |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Who is an Employer & Who is an Employee? |
| Federal Bar Association, Chicago Chapter, Moderator, 2016 | Enforcement and Litigation Priorities: EEOC, NLRB, DOL |
| National Employment Lawyers Association National Convention, Washington, D.C., 2015 | Settlement Issues in Settling Wage and Hour Class and Collective Actions |
| American Bar Association, Fair Labor Standards Legislation Committee, Puerto Vallarta, Mexico 2015 | Litigation Issues in Wage and Hour Class and Collective Actions |
| Bridgeport Legal Conferences, Wage and Hour Class Action, Chicago, 2015 | Settlement of Wage and Hour Class Actions |
| Practicing Law Institute, Chicago, 2013, 2014, 2015 | FLSA Wage and Hour Update |
| Chicago Bar Association, Class Litigation Committee, 2011 | Current Terrain in Class Action Litigation |
| Illinois Institute of Continuing Legal Education, 2008 | Litigating Class Action Claims |
| AFL-CIO Lawyers Coordinating Committee, 2008 | Arbitrating Wage and Hour Cases |

8. I am a member of the Board of Editors of the leading treatise on the Fair Labor Standards Act, entitled, "Kearns, *The Fair Labor Standards Act*," published by Bloomberg BNA in conjunction with the American Bar Association Section of Labor and Employment Law. Before being elevated to the Board of Editors in 2016, I was the Senior Chapter Editor of Chapter 20 ("Hybrid" FLSA/State Law Actions") of that same treatise.

3

9. In 2012, I was a recipient of the Thirteenth Annual Award for Excellence in Pro Bono Service awarded by the United States District Court for the Northern District of Illinois, in conjunction with the Chicago Chapter of the Federal Bar Association.

10. I have been lead counsel in nearly seven hundred (700) cases filed in the state and federal courts relating to the recovery of unpaid wages. The majority of these cases proceeded as collective actions under § 216(b) of the FLSA and/or set forth class action claims under Fed. R. Civ. P. 23. These cases, include: *Ortiz v. Manpower*, Inc., No. 12 C 5248 (N.D. Ill. August 21, 2012) (class comprising over 85,000 employees); *Arrez v. Kelly Services, Inc.,* No. 07 C 1289 (N.D. Ill.) (class action for unpaid wages for over 95,000 employees) and *Polk v. Adecco*, No. 06 CH 13405 (Cook County, Il.)(class action for owed pay for over 36,000 employees); *Romo v. Manpower,* No. 09 C 3429 (N.D. Ill. January 18, 2012); *Robbins v. Blazin Wings, Inc.,* No. 15-CV-6340 CJS, 2016 WL 1068201, at *1 (W.D.N.Y. Mar. 18, 2016)(step one FLSA certification of a collective of 62,000 tipped employees); *Garcia v. JC Penney Corp., Inc.*, No. 12-CV-3687, 2016 WL 878203 (N.D. Ill. Mar. 8, 2016) (class action for owed pay for over 36,000 employees); *Haschak v. Fox & Hound Rest. Grp.,* No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012); *Schaefer v. Walker Bros. Enters., Inc.,* No. 10 C 6366, 2012 U.S. Dist. LEXIS 65432, at *4 (N.D. Ill. May 7, 2012); *Kernats v. Comcast Corp. Inc.,* Nos. 09 C 3368 and 09 C 4305, 2010 U.S. Dist. LEXIS 112071 (N.D. Ill. Oct. 20, 2010); *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) & *Driver,* No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, at *15 (N.D. Ill. Mar. 2, 2012) (19,000 tipped employees, decertification denied); *Schmidt v. Smith & Wollensky,* 268 F.R.D. 323 (N.D. Ill. 2010); *Hardaway v. Employbridge of Dallas, et al*., No. 11 C 3200 (N.D. Ill.); *Williams v. Volt*, No. 10 C 3927 (N.D. Ill.)(IWPCA class action for owed pay for over 15,000 employees); *Rosales v. Randstad*, No. 09 C 1706 (N.D. Ill.); *Rusin v. Chicago*

*Tribune,* No. 12 C 1135 (N.D. Ill. February 5, 2013); and *Peraza v. Dominick's Finer Foods, LLC,* No. 11 C 8390 (N.D. Ill. November 20, 2012). These and other cases have successfully recovered wages for hundreds of thousands of working people.

**The Litigation and Settlement**

11. Defendants have agreed to pay $150,000.00 to settle the claims in this Action, which shall be used to provide for: (i) Settlement Payments to the Named Plaintiffs and Opt-in Plaintiffs, (ii) certain Service Awards; (iii) Plaintiffs' attorney's fees; (iv) Plaintiffs' Counsel's Litigation Expenses; and (v) Settlement Administration Expenses. The Settlement covers only Opt-in Plaintiffs.[1]

12. The Settlement is a result of contested litigation given the fact that the settlement has been reached in the context of this lawsuit. The lawsuit has been pending for nearly one and one-half years, and was resolved only after the Parties briefed Defendants' motion for judgment on the pleadings, Plaintiffs' Motion for Step-One FLSA Notice, exchanged written discovery and document production, and participated in a settlement conference with the Magistrate Judge.

13. The Parties had a full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. Only with the assistance of the Magistrate Judge at a supervised settlement conference were the Parties able to resolve this dispute.

14. The Settlement Payments range from a minimum payment of $25.00 to a maximum payment of $2,199.23. The total $150,000 settlement amount represents $1,071.43 per opt-in

---

[1] The term "Opt-In Plaintiffs" refers to persons who timely filed a Consent Form to be a party-plaintiff to the Action and who did not withdraw their Consent Form or were not later dismissed from the Action. A list of all individuals meeting the definition of Settlement Class Members, which includes 140 persons, is attached to the Settlement Agreement as Exhibit A.

Plaintiff. The net payments to Opt-ins from the Net Settlement Fund represent an approximately 35% forfeiture of the tip credit for every week that Opt-in Plaintiffs worked. Inasmuch as Plaintiffs alleged that they spent 40% of their time performing dual jobs, and inasmuch as Defendants alleged Plaintiffs could only recover on their walk-out claims for the individual work weeks that they suffered such a charge-back, this result is more than fair and reasonable.

### Plaintiffs' Attorneys and Named Plaintiff Support the Settlement

15. Plaintiffs' Counsel has a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed Settlement. Based on Plaintiffs' Counsel's knowledge of the case and the applicable law, as well as their experience in numerous similar wage and hour collective actions, Plaintiffs' Counsel believe the Settlement is fair and reasonable.

16. Named Plaintiffs Tyrone Kenner and Victoria Cooper participated in the September 15, 2017 settlement conference and approved the terms of the Settlement.

### The Named Plaintiffs and Other Opt-In Plaintiffs Were Critical to the Resolution of the Claims and Are Entitled to Service Awards

17. The role of the Named Plaintiffs in this litigation was crucial. They initiated the lawsuit, reviewed and approved the Complaint, conferred and corresponded with Class Counsel on a regular basis. They gave sworn declarations and Named Plaintiffs Tyrone Kenner and Victoria Cooper participated in the September 15, 2017 settlement conference and approved the terms of the Settlement.  Kenner and Cooper also appeared for Court status hearings on three occasions.

18. As such, the requested service awards are well-deserved and should be approved.

### My Firm's Lodestar in this Litigation

#### Timekeeping Records

19. Each attorney and member of Werman Salas' professional staff kept records of the

6

time they worked on this litigation through a software program — commonly known as "Sage Timeslips 2016" — that is loaded onto Werman Salas P.C.'s network server. The Timeslips file created for the instant litigation is named "Cooper, Victoria – Winking Lizard." Beginning with my initial consultation with the Plaintiffs, whenever I or other members of Werman Salas P.C. performed work on behalf of Plaintiff in connection with this litigation, time entries were made in the Timeslip program. These entries consist of a description of the work performed on the date of the entry and the amount of time spent during the day performing the work described. I also understand that my co-counsel, Cliff Bendau and James Simon likewise kept contemporaneous records of the time they billed on this matter.

**Amount of Reasonable Time Billed**

20. As of September 27, 2017, the reasonably incurred billable time Werman Salas incurred in litigating this class and collective action over the course of one and one-half years, and the reasonable rates for that work, are as follows:

| Timekeeper | Rate | Time | Amt. Due |
|---|---|---|---|
| Douglas M. Werman | $650 | 92.75 | $60,287.50 |
| Abra Siegel | $575 | 28.54 | $16,410.50 |
| Maureen A. Salas | $525 | 4.18 | $2,194.50 |
| Zachary C. Flowerree | $430 | 34.50 | $14,835.00 |
| Jacqueline Villanueva | $150 | 20.15 | $3,022.50 |
| Adriana Rodriguez | $150 | 13.33 | $1,999.50 |
| Cristina Calderon | $150 | 34.83 | $5,224.50 |
| Maria Reyes | $150 | 64.84 | $9,726.00 |
| Carla Villanueva | $150 | 2.33 | $349.50 |

| Total | | | $114,049.50 |
|---|---|---|---|

21. As of September 22, 2017, I am informed that the reasonably incurred billable time The Bendau Law Firm incurred in litigating this class and collective action over the course of one and one-half years, and the reasonable rates for that work, are as follows:

| Timekeeper | Rate | Time | Amt. Due |
|---|---|---|---|
| Cliff Bendau | $300 | 123.70 | $37,710.00 |
| Chris Bendau | $300 | 31.80 | $9,540.00 |
| James Simon | $300 | 50.40 | $15,120.00 |
| Total | | | $62,370.00 |

22. During the course of the litigation, the Parties briefed Defendants' motion for judgment on the pleadings, Plaintiffs' Motion for Step-One FLSA Notice, exchanged written discovery and document production, and participated in a settlement conference with the Magistrate Judge.

23. Plaintiffs' Counsel attempted to avoid duplicative work and the billed time reflects a reasonable amount of time for each performed task. Plaintiffs' Counsel exercised prudent billing judgment in delegating the work among attorneys.

### Reasonable Hourly Billing Rates

24. In addition to the contingent fee work I perform in class and collective actions, I bill certain clients for legal services on an hourly basis.

25. For example, I charge the hourly rate of $650/hr for my work as a mediator of national wage and hour collective and class actions and other employment litigation. I most recently charged that hourly rate for a worker's compensation retaliatory discharge case I mediated

8

on July 21, 2017. I also often charge a flat rate of $12,000.00 per day for my mediation services of wage and hour class and collective actions. The flat rate includes preparatory time and time spent in a full day of mediation. The flat rate results in an effective hourly rate in excess of $650 per hour.

26. I also charge the hourly rate of $650/hr for work I perform as an arbitrator of wage and hour cases before the American Arbitration Association.

27. I have been awarded $650 per hour by numerous federal and state courts. Recently, in *Knox v. Jones Group*, No. 15-cv-1738 SEB-TAB (ECF No. 172, 08/31/17) (S.D. Ind.) the court awarded me $650/hr; Abra Siegel $575/hr; Maureen Salas $525/hr; Zachary C. Flowerree $430/hr; Sarah J. Arendt $400/hr; and Werman Salas, P.C. paralegals $150/hr). In addition, in granting a petition for an award of attorney's fees, I was recently awarded the hourly rate of $650.00 per hour in *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017). The Sanchez court also approved rates of $525/hour for Maureen Salas, $430/hour for Zachary Flowerree, $400/hour for Sarah Arendt, and $150/hr for Werman Salas' administrative staff. 2017 WL 1425837, at *6. See also, *Williams v. Neil's Foods, Inc.*, No. 13-2108 (ECF No. 25, 12/19/13) (N.D. Ill.) (awarding Douglas Werman $650/hr); *Martignago et al. v. Merrill Lynch & Co., Inc.*, et al., Case No. 11-cv-03923-PGG (ECF No. 90, 10/3/13) (S.D.N.Y) (awarding Werman Salas and co-counsel 25% percent of a $12,000,000 common fund following a loadstar crosscheck using an hourly rate of $650.00).

28. Jacqueline H. Villanueva, Adriana P. Rodriguez, and Cristina Calderon are current paralegals with Werman Salas P.C., and all have been employed by the firm for more than 10 years. All are experienced and skilled paralegals with extensive knowledge of wage and hour law and providing litigation support. Ms. Villanueva is also a 2015 graduate of Loyola University

School of Law and holds a juris doctor degree. Earlier this year, in *Sanchez,* the court approved rates of $150/hr for Werman Salas' administrative staff. 2017 WL 1425837, at *6.

29. In my professional experience, the rates sought by Cliff Bendau, Chris Bendau, and James Simon are also reasonable based on their experience in wage and hour cases and based on the level of their experience as lawyers.

**Plaintiffs' Counsel's Rate are Justified by their Experience and Reputation in Wage and Hour Law**

30. Plaintiff's Counsel are leaders in litigating in federal courts throughout the United States FLSA dual job minimum claims. *Knox v. Jones Grp.*, No. 15-CV-1738 SEB-TAB, 2017 WL 3834929, at *5 (S.D. Ind. Aug. 31, 2017) (describing Werman Salas P.C. "as national leaders in advocating the rights of working people in wage and hour litigation."); *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017) (same); *Mouloki v. Epee,* No. 14 C 5532, 2017 WL 2791215, at * 3, n. 4, (N.D. Ill. June 27, 2017) (describing Douglas M. Werman as a "highly respected and experienced lawyer[]" in "wage and hour cases."); *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (Castillo, J.) (recognizing Mr. Werman as a "highly experienced attorney" in wage and hour class actions).

31. Plaintiffs' Counsel is highly qualified and experienced, and they each have substantial credentials in federal courts and class and collective action litigation.

32. Based on the rates awarded by these courts in other wage and hour cases, Plaintiffs believe the rates requested by Plaintiffs' Counsel are within the prevailing market rates in the community for their professional and administrative staff.

**The Requested Fee Represents a Reduction of Plaintiffs' Counsel's Lodestar**

33. Plaintiffs' Counsel's total lodestar value is $176,419.50. Counsel's requested fee

is $79,065.85, and represents only 45% of their current loadstar. The fact that Plaintiffs' Counsel's lodestar is in excess of the requested fee weighs strongly in favor of the reasonableness of the attorney's fees requested. Moreover, Plaintiffs' Counsel's lodestar does not take into consideration future time Plaintiffs' Counsel will spend fulfilling their obligations in the Settlement Agreement, administration of the Settlement, and responding to Plaintiffs' and Settlement Class members' inquiries.

**Plaintiffs' Counsel's Litigation Expenses**

34. Through September 24, 2017, Plaintiffs' counsel has $3,434.15 in reasonably incurred litigation costs. These costs include filing fees, research, communications (FedEx, postage and Accurint address searches, etc.), service of process, and travel (hotel, airfare, ground transportation, etc.).

35. I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 29th day of September, 2017, Chicago, Illinois.

*[signature]*

Douglas M. Werman

Werman Salas P.C.
77 West Washington Street, Ste. 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com