## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA COOPER, *et al.*, | ) | CASE NO. 1:16CV1513 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| WINKING LIZARD, INC., *et al*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

This matter comes before the undersigned on referral for mediation, and the parties'

consent to the jurisdiction of the undersigned to approve the settlement agreement.  (Doc. No.

69.)  Currently pending before the Court is Plaintiffs' Unopposed Motion for Approval of

Settlement, Approval of Service Awards, and Attorney's Fees and Costs, which seeks the

Court's approval of a settlement agreement resolving Plaintiffs' claims filed under the Fair

Labor Standards Act ("FLSA").  (Doc. No. 70.)  For the reasons that follow, the proposed

Settlement is APPROVED and the Plaintiffs' Unopposed Motion (Doc. No. 70) is GRANTED as

set forth herein.

I.      **Background**

This action was originally commenced on June 17, 2016 by Plaintiffs Tyrone Kenner,

Christopher Sanford, Taylor Downs, and Victoria Cooper, on behalf of themselves and all others

1

similarly situated, for damages relating to Defendants' alleged violations of the FLSA. (Doc. No. 1.)  Specifically, Plaintiffs alleged Defendants violated the FLSA because they paid servers and bartenders a sub-minimum, tip credit rate even when those employees were required to perform non-tipped work unrelated to their tipped occupation; i.e., "dual jobs."  (*Id*.)  In addition, Plaintiffs alleged Defendants required servers and bartenders to perform non-tipped work that, even if "related" to their tipped occupation, exceeded 20 percent of their work time.  (*Id*.)  Finally, Plaintiffs alleged Defendants required servers and bartenders to return a portion of their tips to Defendants by requiring they pay for customer walkouts and shortages.  (*Id*.)

Defendants filed an Answer on August 19, 2016, and a Motion for judgment on the pleadings on September 28, 2016.  (Doc. Nos. 8, 13.)  Plaintiffs were granted leave to file a First Amended Complaint on November 7, 2016, after which Defendants' Motion for judgment on the pleadings was denied as moot.  (Doc. No. 17; Non-document Order dated November 16, 2016).  The parties then filed a Joint Proposed Stipulation to Step-One Notice Pursuant to the FLSA on November 21, 2016, which was entered by the Court the next day.  (Doc. Nos. 19, 20.)

The parties exchanged initial disclosures (Doc. Nos. 24, 25) and discovery proceeded.  In December 2016, the parties filed a Joint Motion to Approve FLSA Notice and Consent Forms and Distribution Program (Doc. No. 26), which was granted by the Court on December 7, 2016 (Doc. No. 27.)  Numerous Notice of Filing Consent Forms were filed between January and March 2017.[1]

---

[1] Plaintiffs indicate there are 140 opt-in Plaintiffs, who are identified in Exhibit A to the parties' Settlement Agreement.  (Doc. No. 70-2 at pp. 19-22.)

On August 22, 2017, this matter was referred to the undersigned for mediation proceedings.  (Non-document Order dated Aug. 22, 2017.)  A mediation conference was conducted on September 15, 2017, during which the parties were able to reach an agreement.  (Doc. No. 69.)  At that time, the parties consented to the jurisdiction of the undersigned to approve the settlement agreement.  (*Id*.)

On September 29, 2017, Plaintiffs filed an Unopposed Motion for Approval of Settlement, Approval of Service Awards, and Attorney's Fees and Awards.  (Doc. No. 70.)

## II.  <u>Standard</u>

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,1352–53 (11th Cir. 1982).  The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c).  *See Lynn's Foods, Inc*., 679 F.2d at 1353.  The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to Section 16(b) of the FLSA. *Id*.

As explained in a decision from this District, the following considerations apply in review of proposed FLSA settlements:

> In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'"  *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc*., 568 F.Supp.2d 714, 719 (E.D. La.2000) (further citation omitted)). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to

3

permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford,* 2008 WL 4724499, at \*3).  The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. [footnote omitted] *Crawford,* 2008 WL 4724499, at \*3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir.2007)).  In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable.  *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

*Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637 at \* 2 (N.D. Ohio June 9, 2014).[2]

*See also Edwards v. City of Mansfield*, 2016 WL 2853619 at \* 3 (N.D. Ohio May 16, 2016);

*Bradford v. Legacy Health Services*, 2014 WL 7185453 at \* 2 (N.D. Ohio Dec. 16, 2014);

*Pittman v. Things Remembered*, 2014 WL 5073764 at \* 2 (N.D. Ohio October 8, 2014); *Gentrup v. Renovo Services, L.L.C*, 2011 WL 2532922 at \* 2–3 (S.D. Ohio June 24, 2011); *Dillworth v. Case Farms Processing, Inc*., 2010 WL 776933 at \* 5–6 (N.D. Ohio March 8, 2010); *Crawford v. Lexington–Fayette Urban County Government*; 2008 WL 4724499 (E.D. Ky. October 23, 2008).  "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case."  *Gentrup*, 2011 WL 2532922 at \* 3.

### III.    Analysis

Upon careful review, the Court finds the pleadings and motions demonstrate the instant action presents a bona fide dispute.  As noted above, Plaintiffs alleged Defendants violated the FLSA because they paid servers and bartenders a sub-minimum, tip credit rate even when it

---

[2] In class actions, of which this case is not, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members.  *See Schneider*, 2014 WL 2579637 at fn. 1.

4

required those employees to perform non-tipped work that is unrelated to their tipped occupation (i.e., "dual jobs"), such as: taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, and cleaning and restocking restrooms.  Plaintiffs further alleged Defendants required servers and bartenders to perform non-tipped work that, even if "related" to their tipped occupation, exceeded 20 percent of their work time.  Finally, Plaintiffs alleged Defendants required servers and bartenders to return a portion of their tips to Defendants by requiring that they pay for customer walkouts and shortages.  Defendants denied Plaintiffs' allegations, denied Plaintiffs' claims were cognizable under the FLSA, asserted that Plaintiffs were properly paid, and denied that Plaintiffs are entitled to damages. The parties also disputed whether collective treatment of Plaintiffs' FLSA claims was appropriate.  If the matter had not been resolved by settlement, there was a risk Plaintiffs would not succeed in pursuing collective treatment of the action.  Defendants would likely have argued the differences among restaurant locations precluded collective treatment.  The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

The Court further finds the majority of the terms of the settlement agreement are fair and reasonable.  In this regard, the Court notes the settlement was the product of arms-length negotiations between parties that were represented by capable and experienced counsel.  Indeed, both Plaintiffs' and Defendants' counsel believe the proposed overall settlement amount is fair and reasonable, which weighs in favor of approving the total settlement amount. *See Gentrup*, 2011 WL 2532922 at * 3.  Additionally, the Court observes that, given the factual and legal complexity of the case, there is no guarantee Plaintiffs would have prevailed.  In contrast, the

Settlement Agreement assures that Plaintiffs will receive compensation for the alleged violations at issue.  As one court in this District has found, "the certainty and finality that comes with settlement also weighs in favor of" approving a fair and reasonable settlement.  *Dillworth*, 2010 WL 776933 at * 6.  Moreover, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of litigation.  *Id. See also Crawford*, 2008 WL 4724499 at * 9.

Finally, in light of the unusually complex legal issues involved in this action, the Court finds the award of attorney's fees and litigation expenses to Plaintiffs' counsel to be reasonable under the particular circumstances presented.[3]  The Court also approves an award of $500 to Plaintiffs' counsel for costs they will incur in administering the Settlement.  Further, the Court approves the proposed Service Awards to the Named Plaintiffs as set forth in the parties' Joint Stipulation of Settlement.

## IV. Conclusion

Accordingly, and for all of the foregoing reasons, the Court GRANTS the Plaintiffs' Unopposed Motion for Approval of Settlement, Approval of Service Awards, and Attorney's Fees and Costs (Doc. No. 70) and APPROVES the parties' proposed settlement agreement.

*s/Jonathan D. Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

Date: October 4, 2017

_____

[3]  As set forth in the parties' Joint Stipulation of Settlement, Plaintiffs seek $79,065.85 in attorneys' fees, and $3,434.15 in litigation expenses.

6